◼ In the Matter of SPYROS F. GERMENIS, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Corrections, et al., Respondents. [649 NYS2d 53] —Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered September 30, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondents denying petitioner's request to gain access to a wooden religious icon.

Petitioner, a prisoner formerly held at Mohawk Correctional Facility in Oneida County* and a Greek Orthodox Christian, was denied access to a wooden icon that he claims is significant in the practice of his religion. He filed a grievance with the Inmate Grievance Resolution Committee (hereinafter IGRC). The IGRC deadlocked, divided between two opinions; however, respondent Superintendent of the facility determined that petitioner was properly denied access to the icon in accordance with policy, as it was not listed as an allowable item in either Department of Correctional Services (hereinafter DOCS) directive 4911 or 4202. The Superintendent's decision was, in turn, administratively upheld.

---

* At the time of this appeal, petitioner had been transferred to Woodburne Correctional Facility in Sullivan County.

Petitioner commenced this proceeding claiming that respondents have violated his rights under the First and Fourteenth Amendments of the US Constitution and under NY Constitution, article I, §§ 3 and 11 by refusing to separately recognize Greek Orthodox Christianity in any official policy directive, by failing to provide special dietary considerations and by denying him access to the wooden icon. Petitioner also sought a change in initial classification cards to include Greek Orthodox Christian as an option, and to change DOCS directives 4202 and 4911 to recognize Greek Orthodox Christianity. Petitioner also sought to be transferred back to Eastern Correctional Facility in Ulster County where there is apparently a Greek Orthodox Christian community. Supreme Court, relying heavily upon the affidavit of Earl Moore, the Assistant Commissioner for Ministerial and Family Services for the Department of Correctional Services, dismissed the petition.

We affirm. Initially, we reject petitioner's contention that respondents' failure to offer him a special diet to accommodate the requirements of his religion is a violation of the Establishment Clause of the First Amendment of the US Constitution and NY Constitution, article I, § 3 because special diets are provided to Muslim and Jewish inmates. The record is devoid of any request on petitioner's behalf, or any refusal by respondents, for a dietary accommodation. To the contrary, according to Moore, petitioner's dietary restrictions could be easily accommodated and respondents are willing and able to do so upon request. Therefore, we conclude that petitioner has not established that his religion has been subordinated to any other religion with respect to accommodation of dietary restrictions.

Petitioner has also failed to demonstrate that respondents' failure to list Greek Orthodox Christianity on the initial classification cards or in DOCS directives 4202 and 4911 violates the Establishment Clause. Although Greek Orthodox Christianity is not specifically documented in DOCS directives 4202 and 4911, Moore has averred that it falls within the broader listed category of Non-Anglican Christian. This category also includes such other well-known Christian religions as Baptist, Lutheran, Methodist and Presbyterian, a fact which undermines petitioner's contention that being subsumed by this category is somehow discriminatory to Greek Orthodox Christians. Furthermore, Moore states that any inmate entering the prison system is free to list his or her religion as Greek Orthodox Christian on the initial classification card.

Finally, petitioner's contention that respondents' refusal to allow him access to the wooden icon demonstrates favoritism

toward traditional religious articles over nontraditional religious articles, in violation of the Establishment Clause of the First Amendment of the US Constitution and NY Constitution, article I, § 3, is being raised for the first time in the instant appeal and therefore appellate review is precluded (*see, Rosenberg v Haddad*, 208 AD2d 468). In any event, Supreme Court properly determined that denying petitioner access to the wooden icon is reasonably related to a legitimate penological interest (prison safety) and that the infringement of petitioner's rights is minimal (*see, Turner v Safley*, 482 US 78, 89; *Matter of Lucas v Scully*, 71 NY2d 399, 406; *Matter of Bunny v Coughlin*, 187 AD2d 119, 122, *appeal dismissed* 82 NY2d 679). For the foregoing reasons, we conclude that Supreme Court properly dismissed the petition.

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.